EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and Lieutenant Otto J. Binker

v.

COMMONWEALTH OF PENNSYLVANIA; Pennsylvania State Police; and Daniel F. Dunn, Commissioner of the Pennsylvania State Police.

Appeal of Otto J. BINKER, Appellant in 84–5742.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and Lieutenant Otto J. Binker

v.

COMMONWEALTH OF PENNSYLVANIA; Pennsylvania State Police; and Daniel F. Dunn, Commissioner of the Pennsylvania State Police.

Appeal of EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant in 84–5743.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; and Lieutenant Otto J. Binker

v.

COMMONWEALTH OF PENNSYLVANIA; Pennsylvania State Police; and Daniel F. Dunn, Commissioner of the Pennsylvania State Police.

Appeal of COMMONWEALTH OF PENNSYLVANIA; Pennsylvania State Police; and Daniel F. Dunn, Commissioner of the Pennsylvania State Police, Appellants in 84–5808.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and Lieutenant Otto J. Binker

v.

COMMONWEALTH OF PENNSYLVANIA, Pennsylvania State Police, James M. Petti, James F. Kessler, James J. Carey, Ronald C. Rupert, George R. Painter, John J. Mitchell, Carl J. Abernathy, Gerard M. Gallagher, Thomas R. Scales, IV, Joseph L. Datesman, John T. Scoble, Robert Gregorich, Ronald Colyer, William S. Keighley, Thomas

Bickta, Richard G. Barclay, John Kochis, William R. Benton, Arthur L. Hershey, John Gerrity, Edward Kroll, Andy Mollura, Howard Decker, Evan Jones, Ronald Craig, Thomas Lynn, John J. Carroll, Jr., Robert P. Hague, James H. Jefferies, Robert Brobson and Ronald Raber, Applicants for intervention, Appellants in 84–5879.

Nos. 84–5742, 84–5743, 84–5808 and 84–5879.

United States Court of Appeals, Third Circuit.

Argued June 18, 1985.

Decided July 19, 1985.

John L. Heaton (argued), Dilworth, Paxson, Kalish & Kaufmann, Harrisburg, Pa., for Otto J. Binker.

Joseph S. Rengert (argued), Asst. Counsel, Harrisburg, Pa., for Com. of Pa., Pa. State Police, Daniel F. Dunn.

` Johnny J. Butler (argued), Gen. Counsel (Acting), Susan Buckingham Reilly, Peggy R. Mastroianni, E.E.O.C., Washington, D.C., for E.E.O.C.

Frank J. Niemiec (argued), Davis, Murphy & Niemiec, Towanda, Pa., Brett O. Feese, McNerney, Page, Vanderlin & Hall, Williamsport, Pa., for Petti, et al.

Before ADAMS and HUNTER, Circuit Judges, and FISHER,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

■ Pennsylvania law requires all state police officers to retire at age sixty. *See* 71 Pa.Stat.Ann. § 65(d) (Purdon Supp. 1984). In March 1983, Lieutenant Otto Binker, whose mandatory retirement from the Pennsylvania State Police ("PSP") under this provision was imminent, brought suit in the United States District Court for the Middle District of Pennsylvania, seeking to enjoin enforcement of the age requirement on the ground that it violated both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1982), and the Fourteenth Amendment. Shortly thereafter, the Equal Employment Opportunity Commission ("EEOC") brought an action in the same court, challenging the age requirement under the ADEA, and seeking both injunctive relief and back-pay for all persons adversely affected by the law. The Binker and EEOC actions were consolidated in May 1983. In

October 1984, the district court entered judgment in favor of the defendants, PSP and the Commonwealth of Pennsylvania, holding that the age limitation is a bona fide occupational qualification ("BFOQ") that is lawful under the ADEA. Relying principally upon that holding, the district court also concluded that the age limitation does not violate the Fourteenth Amendment. These consolidated appeals by Binker, EEOC, and PSP ensued.[1] The district court therefore granted an injunction pending the appeals, which prevented the mandatory retirement of any PSP officers who reached age sixty. Shortly thereafter, a group of younger PSP troopers scheduled for promotions petitioned to intervene of right in the *EEOC-Binker* case, asking the district court to modify its injunction pending appeal to prevent PSP from rescinding its then-current promotion eligibility list. The district court, 596 F.Supp. 1333, found the petition untimely and denied it. The petitioners appeal from that order.

■ On the eve of oral argument before this court, the Supreme Court announced its decisions in two ADEA cases, *Johnson v. Mayor of Baltimore*, —— U.S. ——, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985), and *Western Airlines v. Criswell*, —— U.S. ——, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985), which have clarified the test for determining whether age-related employment criteria are valid under the ADEA. We will therefore vacate district court's judgment and remand this case for reconsideration in light of *Johnson* and *Criswell*.[2]

---

* Honorable Clarkson S. Fisher, United States District Judge for the District of New Jersey, sitting by designation.

1. PSP's cross-appeal contends that the district court erred in not relying upon 5 U.S.C. § 8335(b) (1982), which provides for retirement of federal law enforcement officers at age 55, to decide whether age constitutes a bona fide occupational qualification under the ADEA for state police officers. The district court, however, ruled in PSP's favor on other grounds, and PSP argues that we should affirm the judgment below. It is clear, therefore, that the cross-appeal is not from the order of judgment, but rather

from reasoning of the district court that was not essential to the judgment. Because this court has jurisdiction only over appeals from orders of the district courts, *see* 28 U.S.C. §§ 1291–1292 (1982), we will dismiss the cross-appeal for lack of jurisdiction. In any event, the Supreme Court's decision in *Johnson v. Mayor of Baltimore*, —— U.S. ——, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985), which rejected the same argument that PSP makes in its cross-appeal, would be dispositive of this issue.

2. The younger officers' petition to intervene was not made until after the district court had entered final judgment in the main case. The

## I

The ADEA provides that age may be a lawful criterion for employment decisions if it "is a bona fide occupational qualification reasonably necessary to the normal operation of the particular business...." 29 U.S.C. § 623(f)(1). In *Criswell*, the Supreme Court adopted the two-pronged BFOQ test first articulated in *Usery v. Tamiami Trail Tours, Inc.*, 531 F.2d 224 (5th Cir.1976). Under this test, to establish a BFOQ in an ADEA case an employer must first prove the existence of a job qualification "reasonably necessary to the essence of [its] business." *Criswell*, —— U.S. at ——, 105 S.Ct. at 2751. Second, the employer must prove that it is "compelled to rely on age as a proxy for the ... qualifications validated in the first inquiry." *Id.* The employer may satisfy this second prong of the *Tamiami Trail* test by showing either that it has "reasonable cause, that is, a factual basis, for believing that all or substantially all persons [in excluded age group] would be unable to perform safely and efficiently the duties of the job involved," or that it is "impossible or impractical" to make individualized determinations of the capabilities of persons in the excluded group. *Id. See Tamiami Trail*, 531 F.2d at 236.

The appellants' primary contention here is that the district court misapplied the *Tamiami Trail* test by focusing on the wrong occupation. The majority of PSP officers at age sixty holds ranks higher than Trooper, and are assigned to primarily administrative positions that require infrequent physical activity. The appellants therefore argue here, as they did below, that the district court ought to have considered only whether age is a BFOQ for the relatively sedentary administrative assignments held by most older PSP officers. In rejecting this argument, the district court adopted the First Circuit's standard for defining "occupation" where a BFOQ defense

is raised in an ADEA case involving state police jobs with similar requirements:

> When ... a person signs up on a paramilitary uniformed force, where one is subject to generally unrestricted reassignment and performance of the most strenuous duties in any emergency, and undergoes the military training required of all recruits, with the expectation of receiving special pension and disability benefits, we would be loath to equate particular "assignments," even if of long duration, to "occupations."

*Mahoney v. Trabucco*, 738 F.2d 35, 39 (1st Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984).

█ The district court found that PSP is a paramilitary organization, based on undisputed evidence that all PSP officers, regardless of rank, are required to carry guns and to respond with appropriate police action in emergency situations, even when off-duty, and are subject to reassignment to street duties when necessary. The district court therefore equated the "occupation" of PSP officer generally with that of PSP Trooper. Accordingly, in determining whether age is a BFOQ for PSP officers, the district court considered only evidence of the extent to which the capacity to perform street police duties declines with age. Given the undisputed evidence of the traditional police duties incumbent upon all PSP officers, we believe that the district court was correct in finding that PSP is a paramilitary organization as defined by the First Circuit in *Mahoney*. We believe, moreover, that the *Mahoney* formulation is correct for defining "occupations" in paramilitary police organizations where all relevant personnel are required to be ready for emergency action, regardless of rank and general duties. We hold, therefore, that the district court applied the proper legal standard in determining whether the age limitation is a BFOQ.

district court, therefore, did not err in finding the petition untimely. *See In re Fine Paper Antitrust Litigation,* 695 F.2d 494, 500 (3d Cir. 1982). Nevertheless, because we will remand the main case to the district court, we will also

vacate the order denying the petition for intervention, and remand the petition for reconsideration by the district court. We do not, however, express any opinion on the merits of the petition to intervene.

518

## II.

■ We think, nevertheless, that the district court's application of the *Tamiami Trail* test does not fully satisfy the standards just announced in *Criswell* and *Johnson.* These cases make clear that "the BFOQ exception 'was in fact meant to be an extremely narrow exception to the general prohibition' of age discrimination contained in the ADEA." *Criswell,* —— U.S. at ——, 105 S.Ct. at 2751 (quoting *Dothard v. Rawlinson,* 433 U.S. 321, 329, 97 S.Ct. 2720, 2726, 53 L.Ed.2d 786 (1977)). Hence, employers are required to make a "particularized factual showing" with respect to each element of the BFOQ defense. *Johnson,* —— U.S. at ——, 105 S.Ct. at 2722.

In this case, the district court made two findings of fact upon which it based its holding that Pennsylvania's age limitation is a BFOQ for state police officers. The district court found that general good health and the concomitant ability to perform strenuous physical tasks decline with age, and that individual testing of the physical skills of PSP officers over age sixty would place an unreasonable financial and administrative burden upon the Commonwealth. These findings, however, are relevant only to the second prong of the *Tamiami Trail* test.[3] The district court made no finding with respect to the first prong. The district court apparently assumed that good health and physical strength are job qualifications reasonably necessary to the essence of PSP's business, but made no particularized factual finding to that effect. This omission is particularly troubling in light of the appellants' allegations that PSP makes no attempt to monitor the health and physical prowess of younger officers, and indeed permits some of them to remain on the job with serious disabilities.

As an appellate court, we are not in a position to resolve the factual ambiguities remaining in this case. We will therefore vacate the judgment below, and remand the case for reconsideration of the record and additional particularized fact-finding in accordance with *Criswell* and *Johnson.*

---

**3.** Appellants raise serious questions about the adequacy of factual support for the district court's conclusions regarding the second prong. They point out, for example, that the district court recognized serious flaws in the physical test battery relied upon by PSP, and question whether the test may be relied upon for anything more than the truism that the ability to perform strenuous physical tasks declines with age. As the district court correctly noted, that truism in itself is not sufficient to support a finding that substantially all persons over 60 are incapable of performing the emergency duties for which they are responsible. *See Heiar v. Crawford County,* 746 F.2d 1190, 1197 (7th Cir. 1984). On remand, therefore, the district court should further elaborate its findings with respect to the second prong of the *Tamiami Trail* test, and where appropriate, supplement the record.